IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN WILSON,

    Plaintiff,                               NO. 2:11-cv-2033 MCE GGH

    vs.

KAUAI RESTAURANTS, INC.,

    Defendant.

_____/

    Previously pending on this court's law and motion calendar for February 14, 2013, was defendant's motion to compel compliance with subpoena under Fed. R. Civ. P. 45.[1] Susan Schoenig appeared for defendant. Janet Bender appeared for third party Sutter County Sheriff's Office. Jeremy Schwerin appeared telephonically for plaintiff. Having heard oral argument and reviewed the parties' joint statement, the court now issues the following order.

<u>BACKGROUND</u>

    Plaintiff is a former employee of McDonald's Restaurant. The complaint alleges that while he was employed at McDonald's, he was subjected to racial discrimination by patrons which McDonald's refused to prevent. He claims that his supervisors encouraged racial

---

[1] Defendant's motion to compel mental examination of plaintiff pursuant to Fed. R. Civ. P. 35, previously noticed for hearing, was resolved by the parties. A separate order approving their stipulation has been issued.

1

harassment and when plaintiff complained, he was terminated. In particular, he claims that a patron named Mr. Brown[2] engaged in a verbal altercation with plaintiff wherein he used the "n" word and made other derogatory comments, while claiming to be a deputy sheriff. After the incident, Mr. Brown filed a complaint against plaintiff with the McDonald's hotline. Plaintiff filed a citizen's complaint with the Sutter County Sheriff's Department. Defendant immediately investigated, and according to defendant, at no time did plaintiff ever claim that Mr. Brown made racially derogatory comments to him, although he is now making such allegations.

The complaint alleges race discrimination under California's Fair Employment and Housing Act, wrongful termination in violation of public policy, unlawful retaliation, and failure to prevent and remedy discrimination, harassment, and retaliation. Although the complaint contains no allegation of jurisdiction, the parties represented at hearing that jurisdiction is based on diversity.

DISCUSSION

Defendant seeks to compel records from third party Sutter County Sheriff's Department, including the citizen complaint made by plaintiff against Mr. Brown, information obtained in the ensuing investigation by the Sheriff's Department, the conclusion of the investigation, and any disciplinary action taken against Mr. Brown. Defendant argues that because plaintiff is claiming defendant McDonald's tolerated racially inappropriate treatment, and because plaintiff had not previously made any complaints that Mr. Brown made racially derogatory comments toward him, the Sheriff's Department records are relevant.

The Sheriff's Department has responded to a request for records by claiming the official information privilege and citing privacy concerns.

\\\\\

---

[2] Plaintiff apparently called 911 after Brown's visit to claim he was impersonating a police officer; however, Mr. Brown was and still is a Reserve Deputy with the Sutter County Sheriff's Department.

The rule is as follows: if federal claims are asserted, federal law controls; if state claims are asserted (as in a diversity action), state law controls; in a case with mixed federal and state claims, federal law is controlling. California law governs privilege matters in this diversity litigation. First Pacific Networks, Inc. v. Atlantic Mutual Ins. Co., 163 F.R.D. 574, 576 (N.D. Cal.1995).

However, matters going to discovery procedural issues, e.g. what notices must be filed when, are entirely federal in nature. "Though a federal court in a diversity action is to apply the substantive law of the forum in which it sits, discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant. See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2005 (1970)." American Ben. Life Ins. Co. v. Ille, 87 F.R.D. 540, 542 (D.C.Okl.1978). See also Eureka Financial Corp v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182; see Fed. R. Civ. P. 26(b)(5). Determination of relevance, for example, is a federal matter.

In California, Cal. Pen.Code § 832.7 provides that "peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."[3] The asserted "police officer personnel file" privilege is not absolute. Further, to the extent the protections of Cal. Pen. Code § 832.7 and "Public Safety Officers Procedural Bill of Rights Act," Cal. Gov't Code §§ 3301- 3310, apply in this case, they do not, per se,

---

[3] Cal. Evid. Code § 1043 provides in part:

> (a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records ... the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body ...
> (b) The motion shall include... (3) Affidavits showing good cause for the discovery or disclosure sought ....

Cal. Evid. Code § 1046 pertains to cases alleging excessive force by a police officer.

3

prohibit disclosure of such records.  Moreover, the procedures regarding disclosure of police officer personnel files (i.e., Cal. Pen. Code § 832.7; Cal. Evid. Code §§ 1034, et seq.), do not supplant federal rules of procedure.  In regard to relevance, which is determined by federal law, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any non-privileged manner that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b).

> Cal. Evid. Code § 1040 provides:
>
> (a) As used in this section, "official information" means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.
>
> (b) A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and:
>
> (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or
>
> (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered.

Disclosure requires "good cause," (Cal. Evid. Code § 1043), relevance, and unavailability by other means (Cal. Evid. Code § 1045).

\\\\\

        For reasons stated at hearing, the undersigned finds good cause for production of all of the records requested, except for any discipline taken against the officer.  The complaint and related documents, as well as investigation records requested by the subpoena, are for the most part clearly relevant because it is disputed whether plaintiff originally complained that Mr. Brown made racially derogatory comments to him.  These records will divulge whether plaintiff made such complaints at the time he filed his citizen complaint (which could tend to show that he made them to defendant at the same time).  Additionally, the records are unavailable by other means.  Moreover, the records may be admissible in this action in federal court.  See Fed. R. Evid. 803(8)(A)(iii), which provides a public records exception to the rule against hearsay for factual findings from a legally authorized investigation in a civil case.

        Any discipline taken against Officer Brown, however, is not relevant as it would not clarify whether plaintiff's complaints about Mr. Brown included accusations of racially derogatory comments.

        Protective Order

        As no *in camera* review is necessary, the protective order must be re-drafted to eliminate this language.  The proposed protective order is also internally inconsistent.  Paragraph 3 requires the party seeking to file these documents under seal to make a request with the court; however, the court may deny the request.  In contrast, Paragraph 4 requires that the "[p]rotected documents [] not be disseminated publicly or otherwise produced to any other individuals, entities, or parties, unless the Sutter County Sheriff's Office consents in advance to such disclosure."   The re-drafted protective order shall modify this language.

        As set forth at the hearing, the substantive standards set forth by the Ninth Circuit for filing documents under seal are found in Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 678 (9th Cir. 2010), which should be set forth in the protective order.  These requirements are in addition to the procedural requirements found in E. D. Local Rules 141 and 141.1 regarding the sealing of documents.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendant's motion to compel compliance with third party subpoena, filed January 24, 2013, (dkt. no. 17), is granted in part.

2. Sutter County shall produce the documents requested by the subpoena, but not including disciplinary action taken, within seven days of this order, subject to a protective order approved by the court.

3. The proposed protective order, filed February 7, 2013, (dkt. no. 22), will not be approved. The parties shall immediately submit a re-drafted protective order in accordance with the guidelines set forth herein.

DATED: February 19, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Wilson2033.sub2.wpd